CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 26 2010
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:07-cr-00021-1 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| JONATHAN RANDALL FRIZZELLE, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Jonathan Randall Frizzelle, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that his counsel provided constitutionally ineffective assistance. The United States filed a motion for summary judgment and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion for summary judgment.

I.

On May 8, 2008, I conducted petitioner's guilty plea hearing after a grand jury in the Western District of Virginia indicted petitioner with two counts of bank fraud (Counts One and Two), aggravated identity theft (Count Three), and misuse of a social security number (Count Four), in violation of 18 U.S.C. §§ 1344, 1028A, and 42 U.S.C. § 408(a)(7)(B), respectively. Petitioner pled guilty pursuant to a written plea agreement that sought dismissal of one count of bank fraud in lieu of a guilty plea to the remaining counts.[1] Petitioner initialed each page of the plea agreement and signed the last page.

Petitioner acknowledged in the plea agreement that Count One and Two each carried the

---

[1] Petitioner waived certain rights by signing the plea agreement. The United States does not argue that petitioner waived in the plea agreement his rights to collaterally attack his sentence and to file ineffective assistance of counsel claims about conduct known to him before sentencing. Therefore, the United States waives this defense. See United States v. Brock, 211 F.3d 88, 90 (4th Cir. 2000) (declining to adjudicate appeal based on waiver provision in plea agreement when waiver argument not raised by the United States).

possibility of up to thirty years imprisonment, Count Three up to two years of a consecutive sentence, and Count Four up to five years imprisonment. Petitioner acknowledged the rights he surrendered by pleading guilty, that the United States had probable cause to bring bank fraud charges against him, and that the losses attributable to his unlawful conduct were between $10,000 and $30,000. Notably, petitioner acknowledged that I was not bound by the recommendations and stipulations in the plea agreement and I could sentence petitioner up to the maximum lawful sentence. Petitioner benefitted from the plea agreement by having the United States dismiss Count Two, recommending a sentence at the low end of the sentencing guidelines, and agreeing to the loss range between $10,000 and $30,000, even though real losses exceeded $60,000. The plea agreement also allowed petitioner to receive an adjustment for accepting responsibility of his actions. The Rule 11 colloquy established that petitioner knowingly and voluntarily entered his guilty plea. Petitioner informed me that he was 57, experienced two years of college, was conversant in English, appeared in court with a clear mind, understood the indictment, knew the maximum penalties, and was satisfied with counsel's performance.

Petitioner "willingly stipulate[d]" in the plea agreement "that there is a sufficient factual basis to support each and every material factual allegation contained within" his indictment. Petitioner also recognized that the United States "will be free to allocute or describe the nature of this offense and the evidence in th[e] case . . . ." (Plea Agt. (no. 34) ¶ 20.) The United States provided that proffer; I asked petitioner's counsel whether petitioner had any corrections, and counsel responded, "We accept." I accepted the proffer as an adequate factual basis.

The Untied States proffered that petitioner obtained two different social security numbers in variance of his name. He used social security number 7403 to obtain benefits from the

2

Department of Veterans Affairs and used social security number 9160 to obtain benefits from the Social Security Administration. Both of these benefit programs required petitioner to report all other money he received, including wages. Petitioner subsequently obtained a construction job in early 2006 using his son's social security number, ending in 4662. Petitioner did not disclose that income to either agency. Petitioner also would not have been employed with the construction company without using his son's social security number because petitioner was a felon.

At the time this occurred, petitioner completed a prior federal sentence for insurance fraud and was completing his state sentence for fraud on a bank in South Boston, Virginia. As part of his state sentence, the state court ordered him to make restitution to that bank. To make restitution, plaintiff offered Community National Bank (presently Carter Bank & Trust ) ("Bank") a second mortgage on his house. In support of mortgage application, petitioner described his total income each month. The income he listed consisted of the benefits that he fraudulently received from the federal agencies and the income from the construction job he obtained by using his son's social security number.

The Bank would have testified that it would not have taken a mortgage and loaned petitioner $25,000 to pay the restitution except for his misrepresentation that his income was valid.[2] The United States also would have proved that, if petitioner had truthfully reported his income from all sources, he would not have received any benefits from the Department of Veterans Affairs and reduced benefits from the Social Security Administration.

---

[2] As of the guilty-plea hearing, petitioner had not made payments on the loan, the Bank foreclosed on the house to pay off the first mortgage, and the house had not yet been sold.

On August 26, 2008, I entered petitioner's criminal judgment and sentenced him to forty-two months incarceration: eighteen months for bank fraud and misuse of a social security number, to be served concurrently, and twenty-four months for aggravated identity theft, to be served consecutively. Following his incarceration, petitioner must also have five years of supervised release and pay $63,178.20 in restitution: $25,000 to the Bank and $38,178.20 to the Department of Veterans Affairs.

Petitioner timely filed his § 2255 motion in August 2009, alleging several claims of ineffective assistance of counsel that caused him to plead guilty. In his first claim, petitioner alleges counsel was ineffective for failing to advise, argue, and preserve the issue that the United States could not prove the elements of the charged crimes. (Pet. 4.) Petitioner alleges in his second claim that counsel was ineffective for failing to challenge the $25,000 restitution order, which had no legal or factual basis. Petitioner alleges in his third and fourth claims, which are related to his first claim, that counsel failed to research and investigate the elements of the bank fraud offenses and advise petitioner that he was not guilty of bank fraud. (Pet. 4-5.)

The United States filed a motion to dismiss and attached counsel's affidavit. Petitioner responded with an unverified letter to the court. Petitioner argues new claims in this response, alleging counsel was ineffective for: not filing a motion for bond; not challenging the court's jurisdiction; advising him he would only serve twelve months incarceration; and not investigating his social security charge.

II.

A.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[3] Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing — "that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts admissible as evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).

---

[3] The parties received reasonable and explicit notice of the possibility that I may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d).

5

Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Petitioner alleges his convictions were obtained because of his counsel's ineffective assistance, in violation of the Sixth Amendment. To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need

6

to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978). The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

Petitioner argues in his first, third, and fourth claims that counsel provided ineffective assistance for not recognizing that petitioner was legally innocent of his crimes because the United States could not prove the elements of the offenses. Petitioner's counsel was not deficient for not telling petitioner he was legally innocent of the charged crimes. The proffered evidence,

7

to which petitioner assented to in his plea agreement, satisfies the evidence required to convict petitioner of Counts One, Three, and Four. Petitioner knowingly used false information to apply for and receive a loan of the Bank's funds. Petitioner used his son's social security number to get compensation from a company and used that information to receive the loan. Moreover, counsel, by virtue of his signature acknowledging that he reviewed the document, knew that petitioner stipulated via the plea agreement that there were sufficient factual bases to support each and every material factual allegation in his indictment. Therefore, petitioner already agreed the evidence was sufficient to convict him and the evidence was sufficient, and, thus, counsel was not deficient.

Petitioner argues in his second claim that counsel was ineffective for failing to challenge the $25,000 restitution order because it lacked legal and factual bases. Petitioner acknowledged that he would pay restitution based upon the entire scope of his criminal conduct, which could exceed the $10,000 to $30,000 range he agreed to set his base offense level for sentencing. (Plea Agt. ¶ 7.) Petitioner also agreed in his plea agreement that I should enter a restitution order for the amount of loss suffered by the Bank and the Department of Veterans Affairs. (Id.)

The United States proffered that petitioner received a $25,000 loan based on knowingly provided false information. At the time of the guilty plea hearing, the Bank foreclosed on the home, incurred attorney's fees for the foreclosure, and had not received any loan payments. I am legally authorized to order restitution upon convicting a defendant. 18 U.S.C. § 3663. Therefore, counsel did not act deficiently for not challenging the $25,000 restitution order because the proffer established the value of the Bank's loss and a legal basis to order restitution existed.

Petitioner raises new claims in his response to the United States' motion after it referenced documents outside the record and the court issued a Roseboro notice. However, plaintiff is not permitted to amend his petition through a response to a motion for summary judgment. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 F. App'x. 556, 563 & n.16 (4th Cir. 2008) (No. 07-1084), available at 2008 WL 238562, at *6, 2008 U.S. App. LEXIS 1916, at *18-20 (noting that other circuits prohibit a plaintiff from raising new claims in opposition to summary judgment and noting that district courts within the Fourth Circuit have adopted Gilmour).

Petitioner would still not be allowed to add these additional claims even if I construed the response as a motion to amend. The new claims do not arise from the same conduct, transaction or occurrence set forth in the original pleading. Petitioner's new claims allege conduct wholly separate from counsel's alleged ineffectiveness argued in the petition. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (affirming that amendments arising from separate occurrences of time and type should not relate back to filing of petition). Therefore, the proposed amendments do not relate back to the § 2255 motion's filing date, and petitioner filed his response after the expiration of the statute of limitations.[4] Fed. R. Civ. P. 15(c). Accordingly, I may not consider these new claims raised in his response.

III.

---

[4] I entered petitioner's criminal judgment in August 2008, and it became final in September 2008 when petitioner did not note an appeal. Petitioner timely filed his petition in August 2009, the statute of limitations ran in September 2009, and petitioner filed his response to the United States' motion in January 2010.

9

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss petitioner's motion to vacate. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 26th day of March, 2010.

                                                      Senior United States District Judge